*LAW OFFICES OF*

# GREGORY L. LATTIMER

*1200 G STREET, N.W.*
*SUITE 800*
*WASHINGTON, D.C. 20005-3814*

*TEL (202) 434-8940*
*FAX (202) 434-8942*

March 24, 2003

## CONFIDENTIAL SETTLEMENT DISCUSSIONS

**Via Facsimile**
Rhonda L. Weaver, Esq.
Associate County Attorney
Room 5121
County Administration Building
Upper Marlboro, Maryland 20772

Re: <u>Mable Jones v. P.G. County, et al.</u>

Dear Ms. Weaver:

    I am in receipt of your letter dated March 21, 2003. From the outset, let me applaud the defendants for submitting a proposal addressing the Nina Jones aspect of our demand in such a positive fashion. However, the Nina Jones aspect is part and parcel of a larger picture. The scholarship fund and the foundation aspect were set forth so that the child could give something to the community in honor of her father who adored her. Without those components, our demand for Nina Jones would increase so that she could do these things herself in due time.

    Moreover, the actual attorney's fees in this case are in excess of the amount offered, and there is a contract between the personal representative and counsel which obligates her to pay a certain percentage of the recovery herein in attorney's fees. For a case of this magnitude and considering the posture for litigation that we have achieved, our attorney's fee demand is more than reasonable. In addition, we have the following expenses:

| | | |
|---|---|---|
| • | Outstanding medical bills as a result of shooting | $41,067.65 |
| • | Outstanding litigation costs and expenses | $20,968.60 |
| • | Outstanding funeral expenses | $11,375.99 |
| • | Outstanding costs associated w/Jeep | $4,500.00(approx.) |

Surely, it is not seriously expected that Nina Jones is to absorb these costs which amount to $77,912.24. In addition, these costs and expenses do not take into account the travel costs and other expenses directly incurred by Dr. Mable Jones.

    All of this is to say that I, for the first time, believe that a settlement is realistically attainable


DEFENDANT'S EXHIBIT 9

Rhonda L. Weaver, Esq.
Re: Jones v. P.G. County et al.
March 24, 2003
Page Two

just not at the numbers you propose. I have discussed your proposal with Dr. Jones and she has authorized me to make the following counter-proposal:

    I. Nina Jones payment as proposed in your letter of March 21, 2003;

    II. $500,000 to the Prince Jones Foundation upon execution of the agreement, $2 hundred fifty thousand to the foundation in years 1- 4 post execution of the agreement, for a total payment to the foundation of $1.5 million over a 5 year period;

    III. $75 thousand to the Prince Jones Scholarship Fund at Howard University's School of Education upon execution of this agreement and $75 thousand to the Scholarship Fund for the next successive 9 years for a total payment to the scholarship fund of $750,000 thousand over a 10 year period;

    IV. Attorney's fees in the amount of $1 million payable upon execution of the agreement and $1 million in the following year for a total of $2 million over a 2 year period; and

    V. $100,000 for costs and all other expenses related to the litigation of this matter.

I trust that you and the appropriate reviewing officials will give this matter and in particular, our counter-proposal which reduces our last demand by over $1 million, prompt attention as I see a window of opportunity here that will not last long. Please keep in mind as you review our counter-proposal that our objective is resolution. Although we acknowledge that no one can predict what a jury will do, we are confident that if a jury sides with us, our numbers are conservative. Nonetheless, we believe that you are serious about settlement and so are we. We believe that resolution short of trial is in everybody's best interest, and we are close enough at this point for you to make that a reality.

Sincerely,

Gregory L. Lattimer

GLL/ibl